**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SHA'RON MCINTOSH-DURHAM,

    Plaintiff,

v.                                                                    Case No. 6:15-cv-203-Orl-37TBS

HARRIS CORPORATION; and AETNA
LIFE INSURANCE COMPANY,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Motion of Plaintiff's Counsel for Leave to Withdraw, for Directions Concerning Monies Held in Trust, and for Imposition of Lien for Attorney's Fees (Doc. 31), filed December 30, 2015;

2. Defendant Harris Corporation's Motion to Enforce Settlement Agreement and for Sanctions (Doc. 32), filed December 31, 2015;

3. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 49), filed June 21, 2016;

4. Notice of Plaintiff's Objections to Report and Recommendation (Doc. 50), filed July 5, 2016; and

5. Defendant Harris Corporation's Response to Plaintiff's Objections to Report and Recommendation (Doc. 51), filed July 18, 2016.

**BACKGROUND**

On February 10, 2015, Plaintiff, Sha'ron McIntosh-Durham ("**McIntosh**"), filed a two-count Complaint (Doc. 1), alleging violations of the Employee Retirement Income

Security Act ("**ERISA**"). Specifically, McIntosh alleged that Harris Corporation, Inc. ("**Harris Corporation**") and Aetna Life Insurance Company ("**Aetna**") (collectively, "**Defendants**"), unlawfully rejected her application for short and long term employment disability benefits. (*Id.*)

The claims against Aetna were dismissed without prejudice in accordance with the parties' Joint Stipulation for Dismissal (Doc. 24), and the remaining claims against Harris Corporation were settled during an August 27, 2015 mediation. (*See* Doc. 25). At the conclusion of mediation, McIntosh, Harris Corporation, and their counsel executed a settlement agreement which required payment of a sum certain to McIntosh and the parties' execution of a release ("**Release**"), the substance of which was to be agreed upon by counsel for each party. (*See* Doc. 32-1)*.*

Over the following months, the parties exchanged proposed drafts of the Release to address various objections raised by Plaintiff, as detailed in the Report and Recommendation ("**Report**"). (Doc. 49, pp. 2-4). Although Plaintiff expressed agreement with the iteration of the Release forged during the parties' *fourth* conference with the mediator to address her concerns, Plaintiff refused to sign the document. (*Id.*, pp. 3-4).[1] Harris Corporation ultimately filed its Motion to Enforce Settlement Agreement on December 31, 2015 (Doc. 32) — the (repeatedly extended) deadline for the parties to complete the dismissal and closure of this case. (*See* Docs. 26, 28, 30, 34).

The docket and filings to date demonstrate that U.S. Magistrate Judge Thomas B. Smith exercised great patience and care to ensure that Plaintiff was afforded ample

---

[1] Notably, Plaintiff readily executed the "closing statement" that governed how her attorney, Mr. Herbert M. Hill, would receive and pay out settlement proceeds deposited into his trust account. (*Id.*)

opportunity to explain her misgivings as to the Release. Having granted multiple extensions of time for the parties to comply with their obligations relating to the settlement, Magistrate Judge Smith held at least two status conferences (*see* Docs. 36, 45) and held a hearing on June 14, 2016, to specifically address the pending motions. Plaintiff did not attend that hearing in person, but did manage to appear telephonically. (*See* Doc. 48).

In the Report (Doc. 49), Magistrate Judge Smith recommends the Court to: (1) grant Harris Corporation's motion to enforce the settlement agreement; (2) provide direction to McIntosh's counsel (Mr. Hill) as to the release of settlement funds held in his firm's trust account; and (3) permit the withdrawal of Mr. Hill as McIntosh's counsel. On July 5, 2016, Mr. Hill filed a "Notice of Filing Plaintiff's Objections to the Report and Recommendation," which simply attaches an email from McIntosh to Hill, Harris Corporation's counsel, and other recipients. (Doc. 50). In short, the email reflects what Plaintiff McIntosh repeated at the June 14 hearing: that she is no longer satisfied with the settlement. (Doc. 50, pp. 1-2). The email also expresses McIntosh's agreement with the "charging lien" requested by Mr. Hill.

## STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Doing so, the court must consider the record and factual issues based on the record independent

of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

The "Notice of Filing Plaintiff's Objections" (Doc. 50) falls far short of the objections contemplated by § 636(b)(1) in terms of both form and substance. Nevertheless, the Court has given full consideration to the purported objections raised in the Notice, together with Harris Corporation's response (Doc. 51). It has also conducted an independent, de novo review of the entire record in this matter. Having done so, the Court agrees with the Magistrate Judge's comprehensive and well-reasoned Report. Simply put, there is no factual or legal basis in the record to disturb the Report or the underlying settlement agreement, much less render the settlement agreement or Release unenforceable. To the contrary, the record demonstrates that the parties' settlement agreement was painstakingly negotiated many months ago. The agreement – including the Release – was enforceable then, and remains so now. Thus, McIntosh's objections are due to be overruled, and the Report is due to be adopted and confirmed in its entirety.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Objections, as set forth in the Notice of Objections to Report and Recommendation (Doc. 50), are **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 49) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. The Motion of Plaintiff's Counsel for Leave to Withdraw and for Imposition

of a Charging Lien (Doc. 31) is **GRANTED** to the extent that Plaintiff's counsel is:

   (a) granted a charging lien on the settlement funds in his firm's trust account;

   (b) directed to disburse such funds in accordance with the closing statement executed by Plaintiff; and

   (c) allowed to withdraw as counsel for Plaintiff in this matter.

4. Defendant Harris Corporation's Motion To Enforce Settlement Agreement And For Sanctions (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent the Court finds that the parties — including Plaintiff — are bound by the terms of their settlement agreement, and Plaintiff has unconditionally executed and delivered the most current version of the Release to Defendant Harris Corporation. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 27, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Magistrate Judge Thomas B. Smith